UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:15-cv-00836-JMS-DML |
| ) | |
| SUPERINTENDENT, New Castle ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Bradley Harris seeks habeas corpus relief. Having considered such petition, the court finds that it must be **denied** and this action **dismissed with prejudice.** In addition, the court finds that a certificate of appealability should not issue.

**Discussion**

The petition for writ of habeas corpus has been examined pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993)(Rule 4 provides that upon preliminary consideration, the court may summarily dismiss a § 2254 petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief.").

Harris is serving the executed portion of a sentence imposed by the Wayne Circuit Court following his conviction for four counts of child molesting as a Class A felony. His conviction was affirmed on direct appeal in *Harris v. State,* No. 89A01-0602-CR-82 (Ind.Ct.App. Oct 10, 2006).

Harris has filed a petition for writ of habeas corpus challenging the validity of the foregoing convictions. The claims Harris presents in his habeas petition are these: 1) the Wayne Circuit Court

was without subject matter jurisdiction "due to commencement of [the case] was [sic] not perfected in a lawful and proper manner"; 2) Wayne County Prosecutor, Michael Shipman, "did not file an appearance in [the case]"; 3) Wayne County Chief Deputy Prosecutor, William C. Hoelscher, "did not file an appearance in [the case]"; and 4) "the State of Indiana on 3-24-03 waived there [sic] appearance. Therefore, the State of Indiana gave up 'ALL' their rights to argue in [the case]."

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a)(1996). This necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010).

The claims Harris presents in his habeas petition are frivolous. Under the Indiana Constitution the Wayne Circuit Court is a constitutional court, *Harrison v. Alexander*, 68 N.E.2d 784, 785 (1946), it has jurisdiction as prescribed by the General Assembly, and through that process has original jurisdiction in all criminal cases "except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." 16B **Ind. Prac.,** Criminal Procedure--Trial § 21.4 (citing statutes). This leaves no doubt that the Wayne Circuit Court had jurisdiction over the felonies with which Harris was charged and of which he stands convicted. The remaining claims are sheer minutiae—bearing on whether the attorneys representing the State of Indiana in the trial court had entered written appearances. These remaining claims do not present a claim which is cognizable under § 2254(a). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). As the Supreme Court has stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained above, that is the fate the petition of Bradley Harris meets. The petition shows on its face that Harris is not entitled to the relief he seeks and his petition is therefore dismissed. This is the proper disposition irrespective of any procedural requirement or obstacle which might otherwise be pertinent to the habeas challenge. *See Estremera v. U.S.*, 724 F.3d 773, 775 (7th Cir. 2013)("It makes sense to tackle the merits first when they are easy and the limitations question hard, just as it makes sense (and is permissible) to reject a collateral attack on the merits while other procedural defenses, such as waiver, default, or lack of exhaustion, remain in the background. 28 U.S.C. § 2254(b)(2))."); *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir. 2005)(a federal court may deny an unexhausted claim on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim").

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Harris has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appeal.

**IT IS SO ORDERED**.

Date:      06/08/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

BRADLEY J. HARRIS
163953
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362